UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER JAY TAYLOR,

    Plaintiff,

v.                                Case No. 8:09-cv-2516-T-17MAP

DAVID GEE, Sheriff of
HILLSBOROUGH COUNTY, FLORIDA,
et al.,

    Defendants.

## **ORDER**

    This cause is before the Court on Plaintiff's motion for reconsideration of the Court's order requiring him to file an amended complaint. (Doc. 21)  The Court has undertaken a preliminary screening of Plaintiff's original 42 U.S.C. § 1983 civil rights complaint in accord with 28 U.S.C. § 1915A.  After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

Discussion

    Plaintiff's underlying claim in this case is his contention that the Hillsborough County Sheriff's Standard Operating Procedure § 914.01 (SOP) is unconstitutional. (See copy attached).

    Plaintiff, who is indigent, contends that the SOP violates *Bounds v. Smith*, 430 U.S. 817 (1977) because Plaintiff is not allowed access to the law library to assist his appointed counsel in preparing his criminal defense. Plaintiff argues that he should have counsel AND have unlimited access to the law library to research legal issues in his criminal case.

Plaintiff also argues that Defendants conspired to keep him in confinement because Plaintiff complained about the SOP. These are the legal issues that will be considered as a result of Plaintiff's motion for reconsideration. If Plaintiff has other issues, he should file them in a separate law suit. This Court notes that this Plaintiff has filed numerous lawsuits consisting of hundreds of pages and that he cannot in any way claim that he has been denied access to this Court.

## Discussion

### *Access to Courts*

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir.1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir.2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; *Swint v. City of Wadley*, 51 F.3d 988 (11th Cir.1995); *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1541 n. 1 (11th Cir.1994). A defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir.2003); *Farrow v. West*, 320 F.3d 1235 (11th Cir.2003).

With respect to Plaintiff's access to the court claim, interference with an inmate's access to the court constitutes a First Amendment violation, which is actionable under 42

U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir .1991). The Supreme Court established that a Plaintiff who alleges a denial of access to court claim must show how the interference caused the Plaintiff harm or prejudice with respect to the litigation. *Lewis*, 518 at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Specifically, the plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.' " *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that Plaintiff was unable to pursue had arguable merit. *Lewis*, 581 U.S. at 353; *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir.1998).

"Under Bounds, the government is obligated to provide prisoners 'with adequate legal libraries or adequate assistance from persons trained in the law.' " *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir.1986) (quoting *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498) (emphasis added)). "The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.... Regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid." *Procunier v. Martinez*, 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). "Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom can be hermetically sealed against him by a functionary who, by refusal or neglect impedes the filing of his papers?" *Ryland v. Shapiro*, 708 F.2d 967, 972

(5th Cir.1983) (quoting *McCray v. Maryland*, 456 F.2d 1, 6 (4th Cir.1972)). *See also Harris v. Pate,* 440 F.2d 315, 317 (7th Cir.1971) (prison authorities prohibited from interfering with right of access to courts)."[T]he State owes to each individual that process which, in light of the values of a free society, can be characterized as due." *Boddie v. State of Connecticut*, 401 U.S. 371, 380, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971).

*Bounds* provides that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S.Ct. at 1498. Plaintiff Taylor's right to access is protected by the appointment of counsel in his criminal case.

Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id.,* at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a

complaint. Plaintiff Taylor cannot satisfy this standard, as he has consistently filed lawsuits related to the claims in the present complaint.

*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental and constitutional consequences of conviction and incarceration.

Plaintiff has demonstrated through his filings that he has consistently argued to the jail, and to this Court, that he wants court-appointed counsel and access to the law library to assist his counsel in his criminal case This Court has been unable to find any caselaw that requires a county jail to allow an inmate access to the law library to assist his court-appointed counsel in the defense of the inmate's criminal case. This Court does not read *Casey* or Bounds to so require this action on the part of the jail.

Standard Operating Procedure § 914.01

Plaintiff seeks to have this Court declare Standard Operating Procedure § 914.01 unconstitutional. In essence, Plaintiff is seeking this Court to exercise mandamus power over the Hillsborough County Sheriff's Office. Caselaw, as discussed above, demonstrates that the SOP is not unconstitutional. Furthermore, Taylor is not entitled to the mandamus relief he seeks.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]" *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989). To be entitled to mandamus, Taylor must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to perform the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. ), cert. denied,* 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs., Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Taylor has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard*

*v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

Analogously, this Court does not have jurisdiction to issue a writ of mandamus to direct Pinellas County to modify the SOP.

*Conspiracy To Retaliate*

Taylor fails to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir.1990).... [T]he linchpin for conspiracy is agreement ..." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.1992). In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, ... [he] must [produce] some evidence of agreement between the defendants .... For a conspiracy claim to survive a motion for summary judgment '[a] mere "scintilla" of evidence ... will not suffice; there must be enough of a showing that the jury could reasonably find for that party.' *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84 (11th 2002). Merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir.1992). Plaintiff Taylor has not

met the standard to demonstrate that Defendants conspired to retaliate against him for filing grievances related to the SOP.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate all pending motions; to enter judgment against Plaintiff; and to close this case.

ORDERED at Tampa, Florida, on March 16, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Christopher Taylor